UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Rodney A. Geren,                                  Case No. 3:15 CV 2362

      Plaintiff,                               JUDGE JAMES G. CARR

     v.
                                                  OPINION AND ORDER
Judge Mark E. Repp, *et al.*,

      Defendants.


*Pro se* Plaintiff Rodney A. Geren filed the above-captioned action under 42 U.S.C. § 1983 against Tiffin-Fostoria Municipal Court Judge Mark E. Repp, Tiffin-Fostoria Municipal Court Assistant Prosecutor Barbara A. Dibble, and Tiffin-Fostoria Municipal Court Clerk Laura Bouillon. In the Complaint, Plaintiff alleges Judge Repp denied his Motion for Counsel to defend charges of littering and refused to rule on his other Motions.  He seeks free transcripts and monetary damages.

**Background**

Plaintiff was cited for littering by the Wood County Sheriff's Office on May 13, 2013.  At his initial appearance, Judge Repp denied his request for appointment of counsel.  Plaintiff contends the Judge got angry when he made the motion and told Plaintiff he would set a high bond if Plaintiff persisted in his request.  Plaintiff asserts this was an abuse of power as well as a violation of his constitutional rights.

Plaintiff also disputes the testimony of a witness that established the amount of damages. The witness presented a receipt for clean-up that totaled $230.00, but Plaintiff claims the receipt was

falsified.  After Plaintiff pleaded guilty, Judge Repp sentenced him to one year of supervised release

and ordered him to pay restitution in the amount of $230.00.  Plaintiff filed an appeal of this

judgment but the appeal was returned because Plaintiff sent the documents to the wrong address.

While he appeal was pending, Plaintiff filed several motions.  He indicates the court sent him

a form journal entry dated August 13, 2015 denying his motions.  Plaintiff believes he should have

been given a hearing.

Plaintiff claims the Defendants violated his Fifth, Sixth, Eighth, and Fourteenth Amendment

rights.   He asks this Court to give him all of the transcripts from his case, and to award him

$250,000.00 in punitive damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490

U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A complaint

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be

sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombley*, 550 U.S. at 555.

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

To recover damages for an unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Plaintiff in a civil rights action must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983.

Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.

If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.  If, however, the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff challenges the criminal proceedings against him in Municipal Court for littering.  He claims he was denied the effective assistance of counsel, and did not receive responses

-3-

to his Motions.  These claim, if found to have merit, would call into question the validity of his conviction.  He must therefore demonstrate that his conviction was overturned on appeal or set aside by a federal habeas corpus decision in order to proceed with his claims.  He has not alleged facts to satisfy this requirement, and his claims are not cognizable in a civil rights action.

In addition, even if he could proceed with a civil rights action, all of the Defendants would be absolutely immune from damages.

Judges have absolute immunity from suit when the claims against them are based on conduct they performed when acting as judges, as long as their actions were within the broad subject matter jurisdiction of the court.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Prosecutors also have absolute immunity from suits that are based on their actions in bringing charges against a Defendant and presenting the state's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Finally, court clerks have absolute immunity when they perform tasks that are important to the functioning of the court.  *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).

The limited information in Plaintiff's Complaint suggests he is objecting to the prosecutors' decisions in the course of the case, to the decisions of the judge who presided over his case, and to the way in which his case were handled in general.  Without more information, these allegations describe actions for which the judges, prosecutors, and court clerks are absolutely immune from suit.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies

pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good

faith.[1]

IT IS SO ORDERED.

/s/ James G. Carr
Senior U.S. District Judge

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
> taken in good faith.

-5-